**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Christopher James DeMure*
Case No. 3:18-cr-00064-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Christopher James DeMure's Motion for Reconsideration Under Local Criminal Rule 47.1(g) (the "Motion").[1] Defendant moves for reconsideration of the Court's Order Regarding Restitution (the "Restitution Order").[2] The Restitution Order found that Defendant did not raise a timely objection to the $288,184.04 in restitution to USAA ordered by the Court at the Sentencing Hearing on August 14, 2020.[3] For the reasons discussed below, the Motion is **GRANTED**.

Defendant pleaded guilty to Mail Fraud, in violation of 18 U.S.C. § 1341, Wire Fraud, in violation of 18 U.S.C. § 1343, and Money Laundering, in violation of 18 U.S.C. § 1957, as a result of Defendant's submission of false insurance claims to USAA and AMEX.[4] Defendant states that reconsideration should be granted because Defendant based his non-objection to the Revised Final Presentence Investigation Report (the "PSR") and in his Sentencing Memorandum on the fact that the parties both believed that Defendant had already paid restitution to USAA in full.[5] But when the Government changed its position and asserted that Defendant had not paid restitution to USAA in full, Defendant also objected to the Government's new restitution calculation.[6] Indeed, the Government changed its position on July 21, 2020, after the PSR and Defendant's Sentencing Memorandum had been filed.[7] Defendant then objected to the restitution calculation at the Sentencing Hearing, stating ". . . it is our position that those amounts, which yield a figure of $43,933, should not be included in restitution."[8] The Court stated that it would consider the issue and issued its Restitution Order later that day.[9]

---

[1] Dkt. 170 (Motion).
[2] Dkt. 162 (Minute Order).
[3] *Id.*
[4] Dkt. 133 (PSR).
[5] Dkt. 170 at 3–4; *see* Dkt. 133.
[6] Dkt. 170 at 4.
[7] Dkt. 148 at 1–2 (Notice) ("[T]he Government's prior understanding was that the defendant had completely repaid restitution to USAA. Recently, however, the Government learned that the defendant has only partially repaid restitution to USAA.").
[8] Dkt. 169 at 4 (Transcript).
[9] *See* Dkts. 169 at 54, 162.

1

Local Criminal Rule 47.1(g)(1) states that "[a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[10] Given that the record on restitution in this case is less than clear, the Court **GRANTS** the Motion at Docket 170 and **FINDS** that Defendant's objection to the restitution amount at the Sentencing Hearing was timely.

By this Order, the Court does not reach any determination on the merits of Defendant's arguments regarding the restitution calculation. At issue is whether the $43,933.72 for two claims submitted to USAA by Defendant in 2014 and 2015 were properly included in the total $288,184.04 restitution amount.[11] Defendant shall file a brief on the merits by Tuesday, September 22, 2020. The Government shall file a response by Tuesday, September 29, 2020. Defendant shall file a reply by Friday, October 2, 2020. The parties shall also provide notice to the Court if an evidentiary hearing is needed on this issue.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 15, 2020.

---

[10] D. Alaska L.Crim.R. 47.1(g)(1).
[11] *See* Dkt. 154-1 (Exhibit).