IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Christopher James DeMure*
Case No. 3:18-cr-00064-TMB

By:     THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court as a result of the Court's granting of Defendant Christopher James DeMure's Motion for Reconsideration Under Local Criminal Rule 47.1(g) (the "Motion").[1] At sentencing, the Court found that the amount owed by DeMure to USAA in restitution was $288,184.04.[2] DeMure contends that, as a matter of law, restitution must be limited only to the counts of conviction, and that restitution to USAA should be reduced by $56,833.72.[3] The Government disagrees, arguing that the Court's oral order at sentencing was correct and that restitution may be ordered for all losses as part of DeMure's scheme to defraud USAA.[4] For the reasons discussed below, the Court **FINDS** that $288,184.04 is the appropriate amount of restitution owed to USAA.

DeMure pleaded guilty to Mail Fraud, in violation of 18 U.S.C. § 1341, Wire Fraud, in violation of 18 U.S.C. § 1343, and Money Laundering, in violation of 18 U.S.C. § 1957, as a result of his submission of false insurance claims to USAA and AMEX.[5] The Government requested, and the Court ordered, $288,184.04 in restitution for six fraudulent claims made by DeMure to USAA.[6] The counts of conviction cite to three fraudulent claims.[7] The charging documents and factual basis for DeMure's guilty plea, however, also establish that DeMure's scheme to defraud USAA was not limited to those three claims, and that the scheme began "no later than September 2014" and continued until at least "to February 20, 2018."[8] DeMure argues that the Court, as a matter of law, cannot order the amount requested.

---

[1] Dkts. 171 (Minute Order); 170 (Motion).
[2] Dkts. 167 (Minute Entry), 162 (Minute Order).
[3] Dkt. 172 at 3, 5 (Defendant Memorandum); *see* Dkt. 178 (Defendant Reply). The three claims at issue are Claim Numbers 13 and 15–16, which involved payments made for fraudulent losses on September 28, 2014, October 19, 2015, and March 26, 2016. Dkt. 154-1 (Revised Restitution Request). DeMure argues that the three claims were not part of the counts of conviction, and therefore the Court cannot order restitution for them.
[4] Dkt. 176 at 2 (Government Memorandum).
[5] Dkt. 133 (Revised Final Presentence Investigation Report).
[6] *See* Dkt. 154-1 at 1.
[7] Dkts. 20 at 4–6 (Information); 133 at 6–9; *see* Dkt. 172 at 5.
[8] Dkts. 20 at 3; 133 at 10; 176-1 at 40–41, 52–54.

1

The Court is required under 18 U.S.C. § 3663A to order restitution for a defendant who has been found to have committed a crime against property in which an identifiable victim has suffered a pecuniary loss.[9] The Court must order the "return of property to the owner of the property" without regard to the economic circumstances of the defendant.[10] The statute takes a broad view of which victims may be compensated, covering any person "directly and proximately harmed . . . in a case of an offense that involves as an element a scheme, conspiracy, or patter of criminal activity[.]"[11] The parties dispute whether the Court can order restitution beyond the counts of conviction and include the three claims that were part of DeMure's fraudulent scheme, but not expressly referenced in the counts of conviction. The Court finds that it can.

Both Mail Fraud, in violation of 18 U.S.C. § 1341, and Wire Fraud, in violation of 18 U.S.C. § 1343, require a "scheme or artifice to defraud."[12] The Ninth Circuit has repeatedly concluded that a sentencing court may order a defendant to pay restitution for losses caused by the acts committed as part of a scheme like the one executed by DeMure, including those beyond the acts specifically cited in the counts of conviction.[13] Here, there is no issue concerning the arithmetic in USAA's restitution request or whether the claims were part of DeMure's fraudulent scheme.[14] The three claims in question were for "Theft from Garage," "Theft of Suitcases," and "Loss of Earrings."[15] The claims were part of DeMure's scheme of submitting claims to USAA and fraudulently claiming that the property had been lost, stolen, or otherwise misplaced. Straightforward application of statutory and Ninth Circuit authority supports the Court's restitution order.

DeMure's reliance on *Hughey v. United States* is misplaced and overlooks developments in the law.[16] *Hughey* was partially overruled when Congress amended 18 U.S.C. § 3663 to broaden the

---

[9] 18 U.S.C. § 3663A(c)(1).
[10] 18 U.S.C. § 3663A(b)(1)(A); 18 U.S.C. § 3664(f)(1)(A).
[11] 18 U.S.C. § 3663A(a)(2).
[12] 18 U.S.C. §§ 1341, 1343.
[13] *United States v. Anieze-Smith*, 923 F.3d 565, 571 (9th Cir. 2019) (court may order restitution for actual losses as a result of the health care fraud, including losses based on related but uncharged conduct); *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015) (restitution not limited to the counts of conviction in crimes requiring proof of a scheme); *United States v. Grice*, 319 F.3d 1174, 1177–78 (9th Cir. 2003) (mail fraud involves a scheme and therefore "permitting restitution . . . for related, but uncharged mail fraud . . . is consistent with the text of the statute and related authority."); *United States v. Booth*, 309 F.3d 566, 576 (9th Cir. 2002) (crimes of wire fraud require proof of a scheme and therefore restitution is "not confined to harm caused by the particular offenses" for which defendant was convicted).
[14] Dkts. 176-2 at 11–12; 176-1 at 40–41, 52–54; 20 at 4–6. There are no evidentiary disputes relating to restitution in this case. Indeed, the parties declined the opportunity for an evidentiary hearing. *See* Dkt. 171. DeMure's assertion that "it was never established that the uncharged conduct for which the Government seeks restitution was all part of the same scheme or conspiracy" is at odds with the record, including DeMure's own statements. Dkt. 178 at 6; *see* Dkt. 176-1 at 40–41, 52–54.
[15] Dkt. 154-1 at 1.
[16] 495 U.S. 411 (1990); *see supra* n.13.

scope of the statute to allow restitution to be awarded to victims beyond those cited in the counts of conviction.[17] Furthermore, *Hughey* does not squarely address the issue before the Court. In *Hughey*, the Supreme Court found a restitution order that included compensation to victims not part of the count of conviction was invalid—which is what Congress changed by later amending the statute.[18] *Hughey* does not foreclose restitution to one victim for all claims common to a fraudulent scheme, and DeMure cites no authority applying *Hughey* in that manner. The other cases cited by DeMure are similarly inapposite in light of Ninth Circuit case law permitting restitution for claims that are part of a fraudulent scheme.

Having considered the parties' arguments and applying the relevant statutory and Ninth Circuit authority to the record before the Court, the Court **FINDS** that it appropriately awarded $288,184.04 in restitution to USAA.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 13, 2020.

---

[17] *Grice*, 319 F.3d at 1177 (citation omitted).
[18] *See Hughey*, 495 U.S. at 1985–86.